Jesus BRIONES, Plaintiff–Appellant,

v.

RIVIERA HOTEL & CASINO,
Defendant–Appellee.

No. 96–15076.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 1996.

Memorandum Filed Nov. 8, 1996.

Memorandum Withdrawn May 22, 1997.

Decided May 22, 1997.

Jesus Briones, Las Vegas, NV, pro se.

Kimberly A. Wanker, Kimberly A. Wanker, Ltd., Las Vegas, NV, for defendant-appellee.

Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.

### ORDER

The Memorandum disposition filed November 8, 1996, is withdrawn.

### OPINION

PER CURIAM.

### OVERVIEW

Plaintiff–Appellant Jesus Briones filed suit against his former employer, Riviera Operating Corporation (organized under the laws of the State of Nevada as the Riviera Hotel & Casino ("Riviera")). Briones alleged that he was subjected to a hostile work environment and unlawfully discharged due to his Hispanic heritage. Briones appeals *pro se* the district court's denial of his Fed.R.Civ.P. 60(b)(1) motion for relief from judgment based on excusable neglect. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

### FACTS AND PROCEDURAL HISTORY

Plaintiff Jesus Briones filed a complaint, *pro se*, in the United States District Court for the District of Nevada against Riviera, his former employer, alleging that he was subjected to a racially hostile work environment and then unlawfully discharged from his position with Riviera. Riviera filed a motion to dismiss on July 19, 1995, based partially on lack of proper service.

Briones filed an opposition to the motion three and one-half months after the filing deadline. The district court had previously granted Riviera's motion and entered a judgment against Briones on August 18, 1995, when he failed to respond to Riviera's motion. Briones then filed a motion pursuant to Fed.R.Civ.P. 60(b) to set aside the judgment. In the motion, denied by the district court, he contended that his failure to file a timely response constituted excusable neglect because (1) the district court failed to warn him of the possibility of dismissal, and (2) Briones himself (who is proceeding pro se and is not proficient in English) failed to notify his translator and typist of the deadline for filing his opposition to the motion to dismiss.

### ANALYSIS

#### A. Standard of Review

■ We review for an abuse of discretion the district court's denial of a Rule 60(b) motion. *Molloy v. Wilson,* 878 F.2d 313, 315 (9th Cir.1989). "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." *Floyd v. Laws,* 929 F.2d 1390, 1400 (9th Cir.1991).

#### B. Failure To Warn

■ Briones contends that his neglect was excusable because the district court failed to warn him of the possibility of dismissal. This contention lacks merit. The district court granted Riviera's motion to dismiss, partly based upon Briones' failure to properly serve Riviera. That motion, which specifically asked that Briones' complaint be dismissed and was properly served on Briones, constituted sufficient notice to Briones of the possible dismissal. *See United States ex rel. DeLoss v. Kenner Gen. Contractors, Inc.,* 764 F.2d 707, 710 (9th Cir.1985).

## C. Test for "excusable neglect"

### 1. *Swimmer v. Internal Revenue Serv.*

This court has held that "[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se." *Swimmer v. IRS,* 811 F.2d 1343, 1345 (9th Cir.1987); *cf. King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Recent United States Supreme Court authority requires that we reexamine *Swimmer.*

The Supreme Court analyzed the circumstances under which missing a filing deadline counts as "excusable" or "inexcusable" neglect in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In that case, creditors of a Chapter 11 debtor sought to extend the bar date for filing proofs of claim under a bankruptcy rule (Rule 9006(b)) which gave discretion to the court to allow late filings where lateness was the result of excusable neglect.

Respondents received a notice from the bankruptcy court informing them that they must file proofs of claim by a certain bar date. Respondents then hired a bankruptcy attorney to represent them and gave the attorney their file containing that notice. Respondents later asked the attorney whether there was a bar date for claims, to which the attorney incorrectly responded that no such date had been set, and therefore there was no urgency in filing proofs of claim. As a result, respondents failed to file before the bar date. Upon discovering their error, respondents moved for an extension on grounds of excusable neglect. The bankruptcy court denied the motion and held that excusable neglect could only be the result of something beyond a party's reasonable control.

The Supreme Court analyzed a variety of statutory uses of the term "excusable neglect" in order to analogize to the bankruptcy context. It explained that "neglect" has its normal, expected meaning, i.e., negligence, carelessness, inadvertent mistake:

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Id.* at 391, 113 S.Ct. at 1496 (footnotes omitted). It then examined cases arising under Fed.R.Civ.P. 60(b) and went on to explain that, "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394, 113 S.Ct. at 1497.

In light of its interpretation of "neglect" as "negligence," the Court said that the "excusable" portion of the term would provide the limitations necessary to prevent abuse by the parties (at least in the bankruptcy context, but presumably wherever there is an exception for excusable neglect). It therefore suggested the following analysis of "excusable":

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S.Ct. at 1498. These four enumerated factors, while not an exclusive list, provide a framework with which to determine whether missing a filing deadline constitutes "excusable" neglect.

In *Committee for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814 (9th Cir.1996), this court held that the Supreme Court's analysis of "excusable" neglect in *Pioneer* is applicable to Rule 6(b) and also noted our prior holding that the analysis is applicable to Fed.R.App.P. 4(a)(5). *Id.* at 825 n. 4. We now hold that the equitable test set out in *Pioneer* applies to Rule 60(b) as well. In addition to its similarity to the language in

Bankruptcy Rule 9006(b), Rule 60(b) was discussed at some length in the *Pioneer* decision. There appears to be no reason why the term "excusable neglect" in Rule 60(b) should not generally be given the same effect as it was given in Rule 9006(b).[1]

2. Effect of *Pioneer* test on plaintiff's motion to set aside judgment.

 At the time the district court entered its order denying plaintiff's motion to set aside judgment, *Swimmer* seemed to require that a Rule 60(b) motion seeking relief following a failure to comply with court rules be rejected. Such a per se rule cannot exist after *Pioneer*. There the Court noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not *usually* constitute 'excusable neglect.'" 507 U.S. at 392, 113 S.Ct. at 1496 (emphasis added). Thus, although a late filing will ordinarily not be excused by negligence,[2] that possibility is by no means foreclosed.

While *pro se* litigants are not excused from following court rules, it is not apparent that Briones' failure to respond to the motion to dismiss resulted only from a failure to read and attempt to follow court rules. It may have been a communication problem within his group of assistants. In light of *Pioneer* and the holding in this case, it is appropriate for the district court to reconsider its decision to deny plaintiff's motion to set aside judgment.

### CONCLUSION

In *Pioneer*, the Supreme Court held that the determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395, 113 S.Ct. at 1498. Briones' conduct appears to have been at least negligent, so the issue is whether his neglect was excusable. The order of the district court is hereby VACATED and this case is REMANDED for further proceedings in light of *Pioneer* and the holding in this case.

VACATED and REMANDED. No costs allowed.

1. The third factor the Court specifically set forth in *Pioneer* ("the reason for the delay, including whether it was within the reasonable control of the movant") functions differently in the Rule 60(b) context. Under Rule 60(b), as the Supreme Court explained, a party's failure to file on time is *not* "neglect" if the cause is beyond its control; the rule only concerns negligence, carelessness, etc. *Pioneer*, 507 U.S. at 393–95, 113 S.Ct. at 1497–98. Because the third enumerated factor would in other contexts weigh against a party–that its failure to meet a filing deadline was its own fault and not, for example, an "act of God"–its inapplicability to Rule 60(b) may suggest that the excusable neglect provision in that rule is somewhat broader than it is under other rules. We need not address that specific question in this case.

2. *See, e.g., Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931–32 (9th Cir.1994), holding that a lawyer's miscalculation of the time in which a notice of appeal must be filed did not constitute excusable neglect under Rule 6(b). However, as we explained *supra*, *Pioneer* sets forth an equitable "framework" for determining the question of excusable neglect in particular cases, and we will ordinarily examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors.