122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abiodun Henri LAGOYE, Defendant-Appellant.
 No. 96-16995.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Northern District of California, Nos. CV-94-01234-DLJ CR-91-00654-DLJ; D. Lowell Jensen, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Abiodun Henri Lagoye appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of its denial of his 28 U.S.C. § 2255 motion challenging his 1992 conviction for conspiracy to import heroin. We have jurisdiction under 28 U.S.C. §§ 1291. We review for abuse of discretion, see Briones v. Riviera Hotel & Casino, 116 F.3d 379, 380 (9th Cir.1997), and we affirm.
 
 
 3
 "An appeal from the denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Id. (quoting Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991)). A court may relieve a party from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. See Fed.R.Civ.P. 60(b); Backlund v. Barnhardt, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 4
 Because Lagoye has not shown any of the bases enumerated in Rule 60(b), the district court properly denied his motion. See Backlund, 778 F.2d at 1388. On appeal, Lagoye primarily seeks reconsideration of the merits of his section 2255 motion. However, the merits of his section 2255 motion are not properly before this court. See Briones, 116 F.3d at 380. Accordingly, the district court did not abuse its discretion by denying Lagoye's motion for reconsideration. See id.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3