133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jon PAINE, Plaintiff-Appellant,
v.
Officer TORRES, LAPD; Los Alamitos City; Mr. C's Custom
Auto Electric, Inc., Defendants-Appellees.
 No. 97-55329.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jon Paine appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of the court's partial dismissal and summary judgement in favor of the Los Alamitos Police Department, Officer Torres, and Mr. C's Custom Auto Electric, Inc., in Paine's 42 U.S.C. § 1983 action alleging that his unregistered vehicle was improperly towed. We review for abuse of discretion, see Briones v. Riviera Hotel & Casino, 116 F.3d 379, 380 (9th. Cir.1997), and we affirm.
 
 
 3
 Paine contends that the district court abused its discretion when it denied Paine's motion for reconsideration because the information that he provided in his motion was new and unavailable. This contention lacks merit.
 
 
 4
 "An appeal from the denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment.' " Id. (quoting Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991)). A court may relieve a party from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied or discharged; or (6) any other reason justifying relief from operation of the judgment. See Fed.R.Civ.P. 60(b); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985); see also Central District Rule 7.16 (motions for reconsideration can be supported by a manifest showing of a failure to consider material facts presented to the court).
 
 
 5
 The district court did not abuse its discretion by denying Paine's motion to reconsider because Paine provided no new evidence that could not have been discovered earlier. Nor did Paine make a manifest showing that the district court failed to consider material facts. See Backlund 778 F.2d at 1388; Central District Rule 7.16.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3