139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORDELL INTERNATIONAL RESOURCES, INC., Plaintiff-Appellant,
v.
TRITON INDONESIA, INC.; Triton Energy Corporation; Triton
Oil (NZ) Ltd., Defendants-Appellees.
 No. 97-55260.
D.C. No. CV-90-06894-ER.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted, Jan. 30, 1998.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the Central District of California Edward Rafeedie, District Judge, Presiding.
 Before BEEZER, THOMPSON and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In earlier litigation, Triton Indonesia, Inc., Triton Energy Corporation, and Triton Oil (NZ) Ltd. (collectively "Triton") were awarded a judgment of approximately $1 million against Nordell International Resources, Ltd. ("Nordell"). In December 1996 Nordell moved pursuant to Rule 60(b) for satisfaction of judgment and for permission to file a motion for relief from judgment on the basis of newly discovered evidence and fraud. Nordell also claimed that Triton had committed fraud upon the court. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * This litigation grows out of a joint venture (the "Enim Oil Field Project") undertaken by Nordell and Triton. In 1990 an arbitration panel awarded Triton money damages and redistributed Triton's and Nordell's interests in the project, leaving Nordell with a 5% net profit interest. This award was confirmed in relevant part by the district court, and that decision was in turn affirmed by another panel of this court.
 
 
 4
 In August 1995 Triton foreclosed on Nordell's remaining interest in the Enim Oil Field Project. Triton was the only bidder at the marshal's sale. In December 1996 Nordell filed the motions at issue here.
 
 II
 
 5
 Nordell argues that the district court erred in denying Nordell's motion for satisfaction of judgment pursuant to Fed.R.Civ.P. 60(b)(5). We review for an abuse of discretion, see United States v. Washington, 98 F.3d 1159, 1163 (9th Cir.1996), cert. denied, --- U.S. ----, 118 S.Ct. 44, 139 L.Ed.2d 11 (1997), and we affirm.
 
 
 6
 Nordell argues first that the underlying agreements limited Triton to a forfeiture remedy. In prior litigation, this court affirmed the award of money damages to Triton. In arguing that Triton is limited to a forfeiture remedy, Nordell necessarily argues that the prior judgment was contrary to the underlying agreements. "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Briones v. Riviera Hotel & Casino, 116 F.3d 379, 380 (9th Cir.1997) (per curiam) (quoting Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991)). Nordell's attack on the underlying judgment is improper.
 
 
 7
 Attempting to recharacterize the judgment, Nordell argues that we have already determined that Triton is limited to a forfeiture remedy. Nordell relies on statements made by the district court and this court on a separate issue. Those statements do not concern Triton's rights under the judgment and are not entitled to preclusive effect on that issue.
 
 
 8
 Nordell argues further that Triton, by foreclosing on Nordell's net profit interest, elected a forfeiture remedy and thereby waived the right to pursue a monetary judgment. Nordell again misunderstands the judgment awarded by the arbitrators and confirmed by the court. The judgment both redistributed the rights in the Enim Oil Field Project and granted a monetary award to Triton. In levying on Nordell's remaining profit interest, Triton was attempting to satisfy the judgment. It was not electing one of two mutually exclusive remedies. The district court did not abuse its discretion in denying Nordell's motion for satisfaction of judgment.
 
 III
 
 9
 Nordell also moved for leave to file a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(2) (newly discovered evidence) and 60(b)(3) (fraud). Nordell offered as newly discovered evidence a letter sent to Triton by its auditors that shows, according to Nordell, that Triton provided false financial statements to the arbitration panel. To the extent that Nordell requested relief pursuant to Rules 60(b)(2) and 60(b)(3), the district court denied the motion as untimely. We review for an abuse of discretion, see United States v. Washington, 98 F.3d 1159, 1163 (9th Cir.1996), cert. denied, --- U.S. ----, 118 S.Ct. 44, 139 L.Ed.2d 11 (1997), and we affirm.
 
 
 10
 A motion for relief pursuant to Fed.R.Civ.P. 60(b)(2) or (3) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b). Nordell's motion was filed almost five years after entry of judgment and more than three years after that judgment was affirmed on appeal. The district court did not abuse its discretion in dismissing the motion as untimely.
 
 IV
 
 11
 Nordell also contends that Triton committed fraud upon the court by failing to disclose the letter from its auditors and by offering false financial statements to the arbitration panel. The district court rejected this claim. We review for an abuse of discretion, England v. Doyle, 281 F.2d 304, 309 (9th Cir.1960), and we affirm.
 
 
 12
 * A judgment may be set aside whenever a party demonstrates, by clear and convincing evidence, that the judgment was obtained by means of a fraud upon the court. See Fed.R.Civ.P. 60(b); England, 281 F.2d at 309-10. Fraud upon the court is "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." In re Intermagnetics Am., Inc., 926 F.2d 912, 916 (9th Cir.1991) (quoting 7 J. Moore & J. Lucas, Moore's Federal Practice p 60.33, at 515 (2d ed.1978)).
 
 
 13
 In general, failure to produce evidence does not constitute fraud upon the court. See England, 281 F.2d at 310. The complaining party must show that the nondisclosure prevented the judge or jury from impartially deciding the case or that it amounted to a scheme to subvert the judicial process. Pumphrey v. K.W. Thompson Tool Co. ., 62 F.3d 1128, 1130 (9th Cir.1995) (involvement of officer of the court); In re Intermagnetics Am., 926 F.2d at 916. Nordell has not established either of these conditions by clear and convincing evidence. Nor does the evidence show that Triton's actions "prevented [Nordell] from fully and fairly presenting [its] case or defense." See Atchison, Topeka and Santa Fe Ry. Co. v. Barrett, 246 F.2d 846, 849 (9th Cir.1957). The district court did not abuse its discretion in denying Nordell's motion for relief on this ground.
 
 B
 
 14
 To bolster its claim of fraud upon the court, Nordell offers for judicial notice a number of documents derived from actions taken against Triton and certain of its officers by the Securities and Exchange Commission.
 
 
 15
 An appellate court can take judicial notice of facts that are "not subject to reasonable dispute." See Fed.R.Evid. 201(b)(2), 201(f). Judicial notice is properly taken of orders and decisions made by other courts or administrative agencies. See Bryant v. Carleson, 444 F.2d 353, 357 (9th Cir.1971). "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause before it." M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir.1983). Nordell requests that this court take judicial notice of the truth of the facts asserted in the documents it offers here. We deny Nordell's request.
 
 V
 
 16
 Nordell also appeals from the denial of its motion for reconsideration of the district court's adverse rulings on the motions discussed above. We review for an abuse of discretion, see Fireman's Fund Ins. Cos. v. Alaskan Pride Partnership, 106 F.3d 1465, 1470-71 (9th Cir.1997), and we affirm.
 
 
 17
 "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Nordell's motion for reconsideration met none of these requirements, but instead merely restated Nordell's earlier arguments. The district court did not abuse its discretion in denying that motion.
 
 VI
 
 18
 The order of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3