**In re RVP, INC., Debtor.**

No. 00–02632.

United States Bankruptcy Court,
D. Idaho.

Oct. 19, 2001.

D. Blair Clark, Ringert Clark, Chartered, Boise, Idaho, for RVP, Inc.

Jed W. Manwaring, Evans Keane, L.L.P., Boise, Idaho, for MICROS Systems, Inc.

Gary L. McClendon, Office of the U.S. trustee, Boise, Idaho.

### MEMORANDUM OF DECISION

TERRY MYERS, Bankruptcy Judge.

### BACKGROUND AND FACTS

In this chapter 11 proceeding, the debtor in possession, RVP, Inc. ("Debtor"), filed on November 16, 2000 a "Motion to Assume and Reject Unexpired Leases, Motion to Assume Executory Contracts and Notice of Hearing" (the "Motion"). At issue is that portion of the Motion which stated:

### C. ASSUMPTION OF EXECUTORY CONTRACTS

[Debtor moves the Court to allow] ASSUMPTION of executory dealer agreements with Micros Systems, Inc., and Matsushita Electric Corporation of America. These are executory contracts whereby RVP is a dealer for products sold by Micros and Panasonic, consisting of point of sale devices, cash registers, and the like, which are a major part of Debtor's business.

*Id.* at 2. Debtor did not further describe the executory contract with Micros Systems, Inc. ("MICROS") and, in particular, did not disclose the existence of any pre-

petition or post-petition defaults under such executory contract.[1]

The Motion was filed on November 16 and brought on for hearing on December 7, 2000. No objections to the Motion were filed nor did any parties appear in opposition at the time set for hearing. The Court therefore approved the unopposed Motion and executed the proposed form of order provided by Debtor. *See* "Order Granting Motion to Assume and Reject Unexpired Leases and Motion to Assume Executory Contracts," Doc. No. 23 (the "Order").

On September 18, 2001, MICROS filed a "Motion to Compel Cure of Assumed Contract and Alternative Motion to Set Aside Order" (the "MICROS Motion"). *See* Doc. No. 74. The MICROS Motion and supporting pleadings establish that, as of filing of Debtor's bankruptcy and also as of the date of the purported assumption of the dealer agreement, Debtor was in material default. Monetary defaults in excess of $109,000.00 then existed.[2]

The MICROS Motion contends that Debtor should be forced to cure such defaults as contemplated by § 365(b) in order to retain the benefits of the Order. Alternatively, MICROS moves the Court pursuant to Fed.R.Bankr.P. 9024 to set aside the Order.

The MICROS Motion was heard on October 10, 2001 and taken under advisement. This decision constitutes the Court's findings and conclusions. Fed.R.Bankr.P. 9014, 7052.

## DISCUSSION AND DISPOSITION

The record before the Court reflects the existence of a default. Debtor does not seriously contest this fact. Instead, it argues that MICROS should be bound by the Order and should not be allowed to have it set aside.

### 1. Assumption of executory contracts

Section 365(a) of the Code provides:

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

A debtor in possession, exercising the powers of the trustee, *see* § 1107, thus has the ability to elect whether to assume or reject an executory contract. However, that election is not automatically effective but, rather, is "subject to the Court's approval." *In re Hunter Manufacturing, Inc.*, 94 I.B.C.R. 42, 43 (Bankr.D.Idaho 1994).

Such approval requires, *inter alia*, a showing that the proponent has complied with § 365(b). *Id.; see also, Coleman Oil Company, Inc. v. Circle K Corporation (In re Circle K Corp.)*, 190 B.R. 370, 376 (9th Cir. BAP 1995). Section 365(b) provides in pertinent part:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

---

1. Schedule G filed by Debtors disclosed an outstanding "dealer agreement" with MICROS, but did not elaborate on its terms, conditions or status of performance.

2. While Schedule F showed "Micro Systems" as holding a nonpriority unsecured claim of $116,581.41, no description or explanation of that claim was provided, nor was there any indication that it was related to the executory dealer agreement.

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

As explained by the Ninth Circuit Bankruptcy Appellate Panel in *Coleman*:

The purpose behind § 365 is to balance the state law contract right of the creditor to receive the benefit of his bargain with the federal law equitable right of the debtor to have an opportunity to reorganize. This is accomplished by forcing the debtor to abide by the contract provisions during the pendency of the bankruptcy and cure any prepetition defaults upon assumption while prohibiting the creditor from enforcing any prepetition default remedies.

*Id.*, 190 B.R. at 376.

Rule 6006 addresses assumption under § 365 and invokes Rule 9014. Rule 9014, in turn, requires relief to be sought by motion, and that reasonable notice and opportunity for hearing be provided. Rule 9013 governs the content and form of such a motion, and states:

A request for an order ... shall be by written motion, unless made during a hearing. The motion *shall state with particularity the grounds therefor,* and shall set forth the relief or order sought.

*Id.* (emphasis supplied).

 There is absolutely no doubt in the Court's mind that, had disclosure been made in November or December, 2000 of the existence of a default, it would have required Debtor to explain the proposed manner of cure in order to prove that § 365(b) was met. Absent a showing of compliance with § 365(b) and its corresponding Rules, the Court approval required under § 365(a) would have been withheld. This would have occurred even in the absence of opposition by the other parties to the contract or the U.S. Trustee. *Accord, Century Indemnity Co. v. National Gypsum Co. Settlement Trust (In re National Gypsum Co.),* 208 F.3d 498, 512–13 (5th Cir.2000) (strict adherence to § 365 and Rules 6006 and 9014 is required; debtor has a responsibility to provide specific notice regarding intent to assume a defaulted contract).

There is a duty of candor toward the Court which includes an obligation to disclose material facts. *See, e.g.,* Idaho Rule of Professional Conduct 3.3. It was inappropriate for Debtor to present its Motion or its Order allowing assumption under § 365(a) without disclosing or addressing the facts known to Debtor which were relevant to that issue, including those facts regarding the existence of outstanding defaults which had to be cured as a precondition of assumption. The Court concludes that this provides compelling reason to reconsider the Order.[3]

### 2. Relief from judgment or order

MICROS seeks relief from the Order pursuant to Rule 9024 and the provisions of Fed.R.Civ.P. 60(b) incorporated thereby. Debtor argues the standards for relief under those rules have not been met.

 Such requests are equitable in nature and committed to the discretion of the Court. *Briones v. Riviera Hotel & Casino,* 116 F.3d 379 (9th Cir.1997). The

---

**3.** Today's decision addresses reconsideration of the Order as it relates to MICROS. If it is shown that similar issues exist in regard to any other parties affected by the Order, the same result would hold.

concept supporting relief is an "elastic" one, and:

> the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 381, quoting from *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

In evaluating those factors here, the Court starts with the fact that the Debtor's Motion did not contain sufficient specificity or factual recitation to alert the Court to the issue presented. As noted above, this is a serious problem.

Debtor argues that MICROS certainly had information concerning the default and the status of the contract, even absent disclosure in the Motion. However, the Court finds that the notice of the Motion provided to MICROS was not served consistent with the notice requirements of the underlying executory contract. MICROS was not provided reasonable notice so that it could appear and defend its interests or advise the Court of what Debtor had not. *National Gypsum,* 208 F.3d at 511–13.

The MICROS Motion was brought in September, 2001, some nine months after entry of the Order. Even though there is no *per se* time limit for the type of relief sought, Debtor argues that it was not filed within a "reasonable" period. *See* Rule 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken").

As indicated in *Briones,* the length of the delay and also the reason for the delay are subject to the Court's equitable evaluation under all relevant circumstances. Here, MICROS became aware in the early part of 2001 of what Debtor had done. That MICROS did not immediately seek relief from the Order is at least in part explained by a process of negotiation between MICROS and Debtor that continued through the first half of this year. Under all facts and circumstances, the length of delay and the reasons for it do not bar MICROS' request.

The Court has evaluated the other *Briones* factors, including the impact on judicial proceedings. While returning the parties to the *status quo ante* December 2000 will have an impact, it is a result of Debtor's own conduct. The same is not found to be an impediment to relief.

Additionally, the posture of this chapter 11 case has recently changed. At the October 10 hearing, Debtor advised the Court that it was withdrawing its proposed disclosure statement, abandoning the attempt to reorganize, and would consent to conversion effective December 10.[4] It seeks to use the intervening two months to attempt to find a buyer for the Debtor's

---

4. This "consent" was in resolution of an outstanding motion of the U.S. Trustee, in which several other creditors had joined. It should be emphasized that, just because the parties appearing at hearing have so agreed, the Court is not limited or prohibited from considering conversion at an earlier date. In point of fact, the Court has already exercised such independent review, refusing to accept the U.S. Trustee's interim resolution of its motion to dismiss or convert, and instead requiring further hearing. That decision was based on certain facts of record, including the existence of substantial, unpaid post-petition trust taxes.

business.[5] Debtor also at that same hearing consented to allowance of an administrative expense in favor of MICROS in excess of $36,000. That relief from the Order would have a deleterious impact on judicial proceedings, separate and apart from the impact of all these other developments, is not clear enough to foreclose such relief.

## CONCLUSION

The Court concludes, upon an evaluation of the entirety of the record and for the reasons stated, that the MICROS Motion is well taken. It will be granted, and the Order of December 7, 2000 shall be set aside as it relates to MICROS.

If Debtor wishes to assume the dealer agreement with MICROS, it must file a motion compliant with the Code and Rules. Such motion must set forth, in detail, the manner in which Debtor proposes to meet with the requirements of § 365(b). That motion must be scheduled for hearing upon due and proper notice to MICROS and its counsel. If no such motion is filed within ten (10) days from the date hereof, the Court will entertain submission of an order by MICROS rejecting that executory contract.

An order consistent herewith will be entered.

---

5. For a host of reasons, the Court has reserved judgment on any such sale.