Anthony MORAN, Plaintiff—Appellee,

v.

NATIONAL PARK SERVICE, DEPARTMENT OF INTERIOR, Defendant,

and

Angela AASE Elam, in her capacity as the administrator of the estate of Carl AASE, Defendant—Appellant.

No. 03–35966.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2005.

Decided Aug. 30, 2005.

Bruce B. Weyhrauch, Juneau, AK, for Plaintiff–Appellee.

Shane C. Carew, Esq., Seattle, WA, for Defendant–Appellant.

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Appellant Carl Aase argues that the district court abused its discretion when it denied his motion to set aside a default judgment. We agree and remand with instructions to set aside the default judgment and reach the merits of Anthony Moran's claim. The parties are familiar with the facts, and therefore we will not repeat them here except as necessary for our decision.

Three factors govern the vacating of a default judgment under Federal Rule of Civil Procedure 60(b). *See TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir.2001). Those factors are "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *Id.* The second and third factors favor Aase. The first factor—whether Aase's conduct following Moran's first attempt to serve process constituted "culpable conduct"—is a closer question.

After considering the equitable factors of (1) the danger of prejudice to Moran, (2) the impact of any delay on judicial proceedings, (3) the reason for the delay, and (4) whether Aase acted in good faith, we conclude that the district court abused its discretion when it focused solely on Aase's failure to respond to the original flawed summons. *See Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997) (adopting the excusable neglect test set

forth in *Pioneer Inv. Serves. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Even though Aase had constructive notice of the lawsuit, his behavior amounted to "excusable neglect," not culpable conduct. *See id.*

REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.