Bybee, Circuit Judge, dissented and filed opinion.

Valerie TAYBRON; et al., Plaintiffs,

and

John L. Taylor, Esq., Appellant,

v.

CITY AND COUNTY OF SAN FRANCISCO, Defendant–Appellee.

No. 04–17123.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.*

Filed Jan. 18, 2007.

Michael S. Sorgen, Esq., Law Offices of Michael S. Sorgen, San Francisco, CA, for Plaintiffs.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John L. Taylor, Esq., Law Offices of John L. Taylor, San Francisco, CA, pro se.

Jonathan C. Rolnick, Esq., San Francisco City Attorney's Office, San Francisco, CA, for Defendant–Appellee.

Before: KLEINFELD and BYBEE, Circuit Judges, and WHALEY **, U.S. District Judge.

## MEMORANDUM ***

John Taylor appeals the denial of his motion to reconsider[1] an order preventing him from filing an untimely claim for attorney's fees and costs.[2] We review for abuse of discretion.[3] Because a reasonable exercise of discretion requires that Taylor's underlying motion be granted, we reverse.

Taylor represented the plaintiffs in a discrimination case, but was replaced by other counsel. Two years later, judgment was entered in the case based on an accepted Offer of Judgment. The defendants agreed to pay plaintiffs' attorney's fees and costs, and Taylor wanted his share. However, he did not file a claim within the allotted 14 day period following entry of judgment.[4] Taylor thus filed a motion to allow an untimely claim on the ground that he had not known judgment entered until after the applicable deadline.[5]

Courts should allow late filings caused by "excusable neglect."[6] *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*[7] instructs that "excusable neglect" is "a somewhat elastic concept"[8] and "is at bottom an equitable [determination], taking account of all the relevant circumstances."[9] As we explained in *Pincay v. Andrews*,[10] we therefore "examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors."[11] The *Pioneer* analysis is "broader and more flexible" than the one we previously employed and "caution[s] against

---

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *See* Fed.R.Civ.P. 59(e).

2. *See* Fed.R.Civ.P. 6(b).

3. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001).

4. *See* Fed.R.Civ.P. 54.

5. *See* Fed.R.Civ.P. 6(b).

6. *See* Fed.R.Civ.P. 6(b); *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395–99, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855–56 (9th Cir.2004)

(en banc); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n. 4 (9th Cir. 1996).

7. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395–99, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

8. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)

9. *Id.*

10. *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc).

11. *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir.2004) (en banc) (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n. 2 (9th Cir.1997)).

erecting a rigid barrier against late filings...."[12]

Judged by the liberal *Pioneer* standard, Taylor's untimeliness is excusable. He did not know in time to meet the deadline that judgment had entered. He was mailed a copy of the notice of entry of judgment, but apparently did not receive it due to chronic problems with delivery of his mail. The other attorneys involved spoke to Taylor about the "settlement" and the "offer of judgment," and faxed him a request to submit a fee claim to defense counsel, but they did not tell him that judgment had entered. These exchanges understandably did not give Taylor knowledge that judgment had entered. A settlement, even following offer of judgment, is typically documented by a release of claims and stipulation for dismissal of the case from the plaintiff in exchange for a check from the defendant. A stipulation for entry of judgment is less common. Taylor was not required to monitor the docket sheet to discover if judgment would ever enter.[13] Indeed, it is unlikely that Taylor could have found a deputy clerk so accommodating to pull the docket sheet for him every morning.

When Taylor finally learned that an order had been filed based on the offer of judgment, he immediately sent someone to the clerk's office to check the status of the case, thereby discovering the Notice of Entry of Judgment that had been lost in the mail. That same day, Taylor sent his documented fee request to defendants' counsel. Shortly thereafter, he asked defendants' counsel for an extension of time to file a claim. When defendants' counsel denied his request, Taylor made his untimely fee motion. All this occurred within nine days. There is no indication that Taylor acted with anything other than good faith. He did not do anything sneaky or try to keep anyone in the dark.

At the time Taylor requested an extension from defense counsel, and when he actually filed his motion, the parties themselves had not yet settled attorney's fees and costs. In fact, defendants' counsel had even granted plaintiffs' new counsel a time extension. Moreover, Taylor's "late" request for his fees and costs was no surprise. Before the parties settled, Taylor had filed a lien notifying the parties that he wanted his share of the fees and costs. The post-settlement conduct of plaintiffs' new attorney and defense counsel indicates that they both well understood Taylor's position. In short, Taylor's delay did not significantly impact the proceedings. No prejudice to anyone else has been suggested. The only prejudice that might result from this case is prejudice to Taylor, who could lose his fees and costs because he did not know when judgment was entered.

Basically, Taylor did not know when judgment was entered for two reasons. First, he was no longer plaintiffs' attorney. Second, the communications to him initially spoke of settlement, not entry of judgment, and settlement does not typically involve entry of judgment. He acted in good faith and with reasonable diligence once he knew judgment had been entered. The prejudice to him is great if leave to file an untimely application is denied. There is no apparent prejudice to other parties if it is granted. For these reasons,

**12.** *Pincay v. Andrews*, 389 F.3d 853, 856, 860 (9th Cir.2004) (en banc)(quotation omitted).

**13.** *Delaney v. Alexander*, 29 F.3d 516, 518 (9th Cir.1994), and *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1412 (9th Cir.1986), note only that parties have this obligation as it concerns their ability to *appeal*. And the "strict" standard for determining excusable neglect in *Alaska Limestone* no longer controls. *See Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir.2004) (en banc).

especially prejudice, *Pioneer* and *Pincay* require that discretion be exercised in Taylor's favor on the extension of time.

REVERSED AND REMANDED.

BYBEE, Circuit Judge, dissenting:

I would affirm for the reasons given by the district court.