**Maureen UCHE–UWAKWE,
Plaintiff—Appellant,**

v.

**Eric K. SHINSEKI, Secretary
of Veteran Affairs; et al.,
Defendants—Appellees.**

**No. 08–55643.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2009.*

Filed Oct. 13, 2009.

Vincent M. Ekeh, Ekeh Law Firm, Omaha, NE, for Plaintiff–Appellant.

Keith Miles Staub, Assistant U.S., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, REINHARDT and WARDLAW, Circuit Judges.

## MEMORANDUM **

Maureen Uche–Uwakwe ("Uche–Uwakwe") appeals the district court's denial of her Rule 60(b) motion to vacate and set aside the court's summary judgment in favor of defendant, the Secretary of Veterans Affairs ("Secretary"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion and reverse and remand.

The district court abused its discretion in concluding that Uche–Uwakwe's failure to timely file an opposition to the Secretary's motion for summary judgment was not excusable neglect, and thus erred in granting summary judgment based solely on the moving papers. Determining whether neglect is excusable requires a court to balance "the danger or prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, . . . and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997) (quoting *Pio-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*neer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

Each *Briones/Pioneer* factor favors Uche–Uwakwe. Having already filed his reply to Uche–Uwakwe's opposition,[1] the Secretary will suffer no prejudice beyond the loss of a quick victory. *See Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1224–25 (9th Cir.2000) (losing a quick victory is insufficient prejudice to justify denying a Rule 60(b)(1) motion). On the date the district court submitted the Secretary's summary judgment motion on the moving papers, Uche–Uwakwe's opposition was only thirteen days late—a minimal delay in light of three years of litigation. *See Pincay v. Andrews,* 389 F.3d 853, 855 (9th Cir.2004) (en banc). Additionally, the district court failed to discuss what impact the delay had, or will have, on the judicial proceedings. *Briones,* 116 F.3d at 381. Uwakwe's reason for not filing her opposition on time—not having received a transcript from her deposition of one of the defendants[2]—is sufficiently legitimate. *See Pincay,* 389 F.3d at 855 (reversing denial of Rule 60(b) motion where delay was caused by paralegal miscalculating a filing deadline); *Bateman,* 231 F.3d at 1223 (finding a Rule 60(b) motion should have been granted where delay caused by attorney needing to recover from jet lag and catch up on his mail for two weeks). Finally, while Uche–Uwakwe's counsel

may have "show[n] a lack of regard for his client's interests and the court's docket[,] . . . there is no evidence that he acted with anything less than good faith." *Bateman,* 231 F.3d at 1225.

We recognize that Uche–Uwakwe's counsel was remiss with respect to several local rules and deadlines. Rule 60(b), however, is "remedial in nature and . . . must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir.2001). This is particularly true where, as here, refusal to grant the Rule 60(b) motion results in a one-sided adjudication of the merits. The district court arrived at its resolution on the "merits" by merely reviewing the allegations of the complaint against the evidence submitted by the defendants. The court ultimately concluded that Uche–Uwakwe's "bare allegations" and lack of evidence supporting her claims warranted judgment in favor of the defendants. However, because Uche–Uwakwe's sole opportunity to provide such evidence was thwarted by her counsel's excusable neglect, the Rule 60 motion should have been granted.

**REVERSED and REMANDED.**

---

1. While the district court docket reflects that Uche–Uwakwe's opposition to summary judgment was never received by the court, defendants received a copy of her opposition on September 20, 2007. The Secretary filed his reply to Uche–Uwakwe's opposition with the district court on September 26, 2007.

2. Uche–Uwakwe did not raise this reason in her Rule 60(b) motion. The district court's summary judgment order stated that Uche–Uwakwe had failed to file her opposition by the date stipulated by the parties. Uche–Uwakwe, apparently erroneously, interpreted

this to mean that the stipulation had been approved. She thus directed her Rule 60(b) motion to explaining why she failed to file the opposition by the stipulated date. Prior to the summary judgment order, the district court had not explicitly approved or denied the stipulation. According to the local rules, stipulations are only effective when approved by the district court. However, in light of the ambiguity in the district court's order, we conclude that Uche–Uwakwe's reading of the summary judgment order was reasonable.