FILED

MAR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD D. DIGGS, | No. 11-16792 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02339-RLH-RJJ |
| v. | |
| METRO POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Ronald D. Diggs appeals pro se from the district court's order denying his

motion to reconsider its order dismissing with prejudice his 42 U.S.C. § 1983

action for failure to notify the district court of his change of address.  We review

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for an abuse of discretion, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 380 (9th Cir. 1997) (per curiam), and we reverse and remand.

Denial of Diggs's motion for reconsideration on the basis of excusable neglect was an abuse of discretion where the district court failed to identify and analyze the motion under the standard set out in *Pionneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) and in *Briones*. *See Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (district court abuses its discretion where it fails to identify or apply *Pioneer-Briones* standard properly). A proper application of the *Pioneer-Briones* standard demonstrates "excusable neglect" because Diggs's failure to file written notification of his change of address immediately upon release from custody showed no danger of prejudice to the defendants, a minimal delay in the proceedings and impact on the district court's docket, good faith on the part of Diggs, and an excusable reason for the delay. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000) (applying *Pioneer-Briones* standard). Accordingly, we reverse and remand for further proceedings consistent with our disposition.

**REVERSED and REMANDED.**

11-16792