**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDRA ESPINOZA,

          Plaintiff - Appellant,

And

DAVID PERRY,

          Plaintiff,

  v.

ALASKA AIR GROUP, INC. And
ALASKA AIRLINES,

          Defendants - Appellees.

No. 12-55801

D.C. No. 2:11-cv-01271-MMM-MAN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted December 3, 2013
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Sandra Espinoza (Espinoza) appeals from the district court's denial of her motion, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure (FRCP), to set aside the dismissal of her lawsuit against Appellees Alaska Air Group, Inc. and Alaska Airlines (collectively Alaska Airlines).

We review a district court's decision to deny a motion under Rule 60(b) for abuse of discretion. *See Lal v. State of Cal.*, 610 F.3d 518, 523 (9th Cir. 2010).

In determining if counsel's conduct constituted excusable neglect under Rule 60(b), the district court considered the factors set forth in *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), as applied to Rule 60(b) by *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997). The district court must consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395 (citation and footnote reference omitted).

Alaska Airlines will not suffer prejudice if the dismissal is set aside because, as Alaska Airlines conceded at oral argument, it had already interviewed employees who witnessed the underlying incident. Conversely, Espinoza "would suffer the 'ultimate' prejudice absent relief because the statute of limitations on [her] claim has run." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir.

2

2009). In addition, the record does not reflect that Espinoza or her counsel acted in bad faith, and the district court did not consider less drastic sanctions. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958, 960 (9th Cir. 2006).

When compared to the neglect we excused in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc), we conclude that similar relief is warranted in this case. Moreover, counsel adequately explained the reasons for the six-month delay, which was not unreasonable under the circumstances. Accordingly, we REVERSE the district court's denial of Espinoza's motion for relief pursuant to FRCP 60(b), and REMAND for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**