**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM RADCLIFFE, III, | No. 12-55088 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-00945-ODW-DTB |
| v. | |
| JPMORGAN CHASE BANK NA and PROFESSIONAL RECOVERY SERVICES, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 5, 2014[**]
Pasadena, California

Before: BYBEE and IKUTA, Circuit Judges, and ZILLY, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Thomas S. Zilly, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

William Radcliffe appeals the district court's denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying Radcliffe's motion for relief from final judgment on the ground of excusable neglect. We reject Radcliffe's argument that the district court failed to analyze the reason for the delay, the third factor set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 385 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The district court cited each of the four factors set forth in these cases and stated that Radcliffe's "failure to comply with the rules of this Court on several occasions renders *Pioneer* factors three *and* four heavily in Defendants' favor." Nor was the district court's analysis of the remaining *Pioneer-Briones* factors "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). Counsel's repeated failure to comply with the local rules supported the district court's discretionary determination.

**AFFIRMED.**

*William Radcliffe III v. JP Morgan Chase Bank, N.A., Professional Recovery Services, Inc., et al.*, No.12-55088

IKUTA, J., dissenting:

Because the district court failed to discuss one of the applicable factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 385 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997), and committed legal error in its analysis of another, I respectfully dissent.

Although Radcliffe violated the local rules by failing to file his amended complaint manually, the district court gave him an opportunity to file his complaint by August 22, 2011. It was Radcliffe's failure to comply with that deadline—not his initial failure to follow the local rules—that led to the dismissal. Radcliffe presented a colorable reason for his failure to meet the August 22 deadline: he placed the complaint in the mail, but it was never delivered. The district court failed to mention this reason and therefore abused its discretion. *Lemoge v. United States*, 587 F.3d 1188, 1193 (9th Cir. 2009); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

The district court also committed legal error in its analysis of the prejudice

1

prong by stating that defendants would suffer prejudice because "if relief from judgment is granted, Defendants will have to continue defending the allegations that are potentially meritless." But we have held that a defendant's obligation to continue litigating a case is not prejudicial. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010); *Bateman*, 231 F.3d at 1224–25.

Given these legal errors, I would reverse and remand for the district court to reevaluate Radcliffe's motion under the correct legal standard.