IKUTA, J.,
dissenting:
Because the district court failed to discuss one of the applicable factors set forth in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 385, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), and Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir.1997), and committed legal error in its analysis of another, I respectfully dissent.
Although Radcliffe violated the local rules by failing to file his amended complaint manually, the district court gave him an opportunity to file his complaint by August 22, 2011. It was Radcliffe’s failure to comply with that deadline — not his initial failure to follow the local rules — that led to the dismissal. Radcliffe presented a colorable reason for his failure to meet the August 22 deadline: he placed the complaint in the mail, but it was never delivered. The district court failed to mention this reason and therefore abused its discretion. Lemoge v. United States, 587 F.3d 1188, 1193 (9th Cir.2009); Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1224 (9th Cir.2000).
The district court also committed legal error in its analysis of the prejudice prong by stating that defendants would suffer prejudice because “if relief from judgment is granted, Defendants will have to continue defending the allegations that are potentially meritless.” But we have held that a defendant’s obligation to continue litigating a case is not prejudicial. See Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1262 (9th Cir.2010); Bateman, 231 F.3d at 1224-25.
Given these legal errors, I would reverse and remand for the district court to reevaluate Radcliffe’s motion under the correct legal standard.