# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN CENTENO,
Appellant,
vs.
JP MORGAN CHASE BANK, N.A.,
SUCCESSOR-IN-INTEREST BY
PURCHASE FROM THE FDIC AS
RECEIVER OF WASHINGTON
MUTUAL BANK,
Respondent.

No. 73007

**FILED**

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a motion for NRCP 60(b) relief. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.[1]

The district court entered an order granting summary judgment in favor of respondent, and appellant filed a motion to alter or amend that judgment. The district court denied the motion to alter or amend on the ground that it was not filed within NRCP 59(e)'s 10-day time frame. Appellant subsequently filed a motion for NRCP 60(b) relief, arguing that his unawareness of NRCP 59(e)'s 10-day time frame was due to his pro se status and amounted to "mistake" or "excusable neglect" under NRCP 60(b)(1). Appellant also suggested relief under NRCP 60(b)(5) was appropriate in light of this court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017). The district court denied appellant's motion, and this appeal followed.

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

Having considered the parties' arguments and the record, we conclude that the district court was within its discretion in determining that appellant's pro se status, in and of itself, did not amount to "mistake" or "excusable neglect" justifying appellant's proclaimed unawareness of NRCP 59(e)'s 10-day time frame. *See Ford v. Branch Banking & Tr. Co.*, 131 Nev., Adv. Op. 53, 353 P.3d 1200, 1202 (2015) (reviewing a district court's denial of an NRCP 60(b) motion for an abuse of discretion); *cf. Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (recognizing that a pro se plaintiff's ignorance of court rules does not constitute excusable neglect unless there are extenuating circumstances contributing to such ignorance). Moreover, we note that appellant was actually aware of NRCP 59(e)'s 10-day time frame because he quoted that provision in a January 28, 2015, filing. This filing significantly undermines appellant's position, as does his previous appeal in this case, which demonstrated his awareness that he could have appealed the district court's summary judgment order.

We also disagree with appellant's reliance on NRCP 60(b)(5) for the proposition that our decision in *Saticoy Bay* "reversed or otherwise vacated" the summary judgment order in this case. That argument is unavailing because *Saticoy Bay* did not reverse or vacate a "prior judgment" in this case. *See Ford*, 131 Nev., Adv. Op. 53, 353 P.3d at 1202-03 (explaining generally that new precedent does not constitute a "prior judgment" for purposes of seeking NRCP 60(b)(5) relief in one case when the party seeking such relief has no connection to the parties in the precedent-setting case).

Appellant finally contends that NRCP 60(b) should be liberally construed to effectuate its remedial purpose. However, based on the arguments presented, we are unable to discern a proffered construction of

NRCP 60(b) or of appellant's NRCP 60(b) motion that would justify the relief appellant is seeking. And, as indicated, appellant was aware of at least two ways by which he could have properly challenged the district court's summary judgment order. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Kathleen E. Delaney, District Judge
     Martin Centeno
     Smith Larsen & Wixom
     Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A