MEMORANDUM **
Weinstein, Eisen & Weiss (‘WEW”), an administrative creditor, appeals the decision of the Bankruptcy Appeals Panel (“BAP”) affirming the bankruptcy court’s order denying reconsideration of its order granting Johnson & Johnson Finance Corporation’s (“JJFC”) motion to lift the automatic stay.[1] WEW also appeals the BAP’s decision affirming the bankruptcy court’s order overruling WEW’s objection to the same order. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
Because WEW is a “person aggrieved” who was “directly and adversely affected pecuniarily” by the bankruptcy court’s order, WEW has standing to appeal.[2] However, the bankruptcy court did not abuse its discretion in denying WEW’s motion for reconsideration because WEW’s failure to oppose JJFC and the IRS’s motion for stay relief and for abandonment of assets was strategic rather than inadvertent.[3]
Finally, the bankruptcy court did not abuse its discretion in overruling WEW’s objection to its order granting the stay and abandonment motion for WEWs failure to oppose the motion or appear at the hearing.[4]
WEW’s remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. We review decisions of the BAP de novo and independently review the bankruptcy court’s rulings. Mitchell v. Franchise Tax Bd., State of Cal. (In re Mitchell), 209 F.3d 1111, 1115 (9th Cir.2000).

. See McClellan Fed. Credit Union v. Parker (In re Parker), 139 F.3d 668, 670 (9th Cir. 1998); see also Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 778 (9th Cir.1999) (stating that creditor has direct pecuniary interest in bankruptcy court’s order transferring assets of estate). Questions of standing are reviewed de novo. Parker, 139 F.3d at 670.

. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P’ship, 507 U.S. 380, 394-95, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (holding determination whether neglect "excusable” under Rule 60(b)(1) is equitable and court should consider all circumstances surrounding parties’ failure to act, including (1) danger of prejudice to adverse party; (2) length of delay; (3) reason for delay; and (4) whether moving party acted in good faith); see also Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir.1997) (stating that the four Pioneer factors "provide a framework” and are not "an exclusive list”).

. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (upholding dismissal for litigant's failure to follow local rules).