FILED

JAN 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINDY KING FEINSTEIN, | No. 10-55263 |
| Plaintiff - Appellant, | D.C. No. 3:08-CV-01174-W-WMC |
| v. | |
| SERVICE SOLUTIONS GROUP LLC et al, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted November 9, 2011
Pasadena, California

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District Judge.[**]

Cindy King Feinstein appeals the district court's order denying her motion

under Federal Rule of Civil Procedure 60(b) seeking to reopen her civil action for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Henry E. Hudson, United States District Judge for the Eastern District of Virginia, sitting by designation.

wrongful termination and gender discrimination. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006). Therefore, we will reverse only if the district court applied the incorrect legal rule, or applied the correct law in a manner that was illogical, implausible, or without support from the record. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Because the district court failed to apply the correct legal rule in this case, we reverse and remand.

Following dismissal of Feinstein's initial Complaint for failure to state a plausible cause of action, the district court afforded her leave to file an amended complaint by a designated date; however, she failed to do so. Eleven months after the district court's Order, Feinstein filed a Notice of Substitution of Attorney, and through newly-engaged counsel, filed an Amended Motion to Re-Open Case and Leave to File First Amended Complaint pursuant to Rule 60(b)(1), claiming excusable neglect by previous counsel. According to Feinstein, she learned in May 2009 that her counsel missed the deadline to file an amended complaint and would be unable to continue her representation because of physical disabilities. She then sought and retained current counsel. Feinstein represents, and the district court did not dispute, that her previous counsel suffered from multiple sclerosis and

2

systematic lupus, requiring numerous hospitalizations during the pendency of her suit.

To determine whether a party's failure to meet a deadline constitutes excusable neglect, courts must apply a four-factor equitable test, balancing "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, . . . and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993)). The district court here failed to engage in the requisite equitable analysis, apparently confining its consideration solely to the length and reason for the delay to the exclusion of the other factors, and thereby abused its discretion.

On close review, we find the factual record in the case to be sufficiently developed to facilitate our application of the *Briones/Pioneer* framework. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 & n.3 (9th Cir. 2000). Applying each factor to the record, we are convinced that the district court also erred in concluding that Feinstein's delay did not result from excusable neglect. First, Service Solutions failed to cite any tangible prejudice to support its cursory claim that it would encounter difficulties in locating documents and witnesses.

3

*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment."). In contrast, Feinstein stands to "endure the ultimate prejudice of being forever barred from pursuing [her] claims" should we deny her appeal. *Lemoge v. United States of America*, 587 F.3d 1188, 1196 (9th Cir. 2009) (stating that prejudice to the moving party should also be considered in any analysis of the first *Pioneer/Briones* factor).

Second, although Feinstein filed the instant motion eleven months after the deadline for the amended complaint, she satisfied the one-year limitation set forth in Rule 60(b)(1). Weighed in light of the severity of her then-counsel's uncontested health conditions, Feinstein has provided a plausible and reasonable explanation for her delay. Finally, Service Solutions has failed to produce any evidence in support of its bare allegation that Feinstein acted in bad faith. *See Bateman,* 231 F.3d at 1225 (noting that negligence and carelessness do not amount to bad faith).

Engaging in the equitable analysis overlooked by the district court, we are convinced that the record evidences excusable neglect by Feinstein and her counsel. Accordingly, the district court's order denying Feinstein's Rule 60(b) motion is hereby

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS ON THE MERITS.**