**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOBBY DARRELL COLBERT, | No. 12-35441 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-00076-RSM |
| v. | |
| STEVE SINCLAIR, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted February 5, 2014[**]
Seattle, Washington

Before: FISHER, GOULD, and CHRISTEN, Circuit Judges.

Bobby Darrell Colbert appeals from the district court's denial of Colbert's

motion under Federal Rule of Civil Procedure 60(b) to reconsider its denial of

Colbert's petition for habeas corpus under 28 U.S.C. § 2254.  We review a district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's denial of a Rule 60(b) motion for abuse of discretion. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 380 (9th Cir. 1997)(per curiam). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court denied Colbert's habeas corpus petition on the grounds that his misjoinder claim had been procedurally defaulted in the state court. It then denied his Rule 60(b) motion on the grounds that Colbert did not have good cause for the procedural default of his claim and could not establish that the failure to reach the merits of Colbert's claim would cause a fundamental miscarriage of justice. Finally, the district court entered an order granting a certificate of appealability "on the issue of whether failure to consider Petitioner's procedurally defaulted misjoinder claim will result in a fundamental miscarriage of justice."

"Because [petitioner] has been unable to establish 'cause and prejudice' sufficient to excuse his failure to present his evidence in support of his first federal petition, [petitioner] may obtain review of his constitutional claims only if he falls within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (internal citation and quotation marks omitted; ellipsis in original). "[T]he miscarriage of justice exception is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary

finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008)(emphasis omitted). For such a claim to be credible, it must rely on "new reliable evidence . . . that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324). Colbert has presented no new evidence of his actual innocence, as is required to show that the procedural default would constitute a fundamental miscarriage of justice. We conclude that the district court did not abuse its discretion in denying his motion under Rule 60(b).

Colbert also argues that the certificate of appealability includes the issue of cause and prejudice. We disagree in view of the language of the order. But even if we were to consider cause and prejudice, 28 U.S.C. § 2254(b)(2) allows a district court to deny a petition for habeas corpus on the merits without regard to whether the claims have been exhausted in state court. Colbert has not shown that the district court's decision to do so in his case constituted cause for his subsequent procedural default.[1]

**AFFIRMED.**

---

[1] Under Ninth Circuit Rule 22-1(e), we construe Colbert's briefing of uncertified issues as a motion to expand the Certificate of Appealability, and as so construed, deny the motion. Colbert's Motion to Supplement the Record Based on Judicial Notice or Pursuant to FRAP 10(e) is denied.