**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AYMAN ISSA FARRAJ, | No.  14-55091 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-06107-CAS-MRW |
| v. | |
| DAVID CUNNINGHAM, Judge of the Superior Court of California County of Los Angeles; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted May 4, 2016[**]
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ayman Farraj, on behalf of himself and his two minor children, appeals from the district court's dismissal of his case for lack of subject matter jurisdiction and the court's subsequent refusal to allow him to file an amended complaint.

Farraj and Edith Salas were divorced in 2010. During the divorce proceedings, the superior court judge (Judge David Cunningham) ordered Farraj to undergo psychological evaluations with family and marriage psychologist, Dr. Bruce Harshman. Dr. Harshman directed Farraj to seek additional evaluations from psychologists Dr. Carl Hoppe and Steven Shaps. In 2011, Salas and Farraj entered into a stipulation that granted Salas sole custody of their two children. In 2013, Judge Cunningham issued a move-away order that permitted Salas and the children to move to India with Salas's fiancé, Nitin Thakor.

After the move-away order was issued, Farraj filed a complaint in federal court against all participants in the state court proceedings (Salas, Thakor, Judge Cunningham, Dr. Harshman, Dr. Hoppe, and Shaps). Farraj alleged three causes of action: (1) "Declaratory Relief - 42 U.S.C. Sec. 1983 - Fourteenth Amendment - denial of equal protection and due process;" (2) "Bane Act - Civil Rights Conspiracy to Violate Equal Protection and Due Process Rights under the 14th Amendment - 42 U.S.C. Sec.1983" and (3) defamation (against Dr. Harshman only). Defendants Salas, Thakor, Judge Cunningham, Dr. Harshman, and Dr.

Hoppe moved to dismiss the complaint. Farraj did not oppose Defendants' motions.

On October 15, 2013, the district court dismissed the case without prejudice for lack of subject matter jurisdiction after concluding that Farraj's federal law claims were barred by the *Rooker–Feldman* doctrine and domestic relations absention doctrine.[1] Having disposed of the federal law claims, the district court declined to exercise supplemental jurisdiction over the state law defamation claim.

On October 26, 2013, Farraj moved for reconsideration under Federal Rule of Civil Procedure 60(b) on the basis of "excusable neglect" and sought leave to file a first amended complaint ("FAC").[2] Defendants opposed Farraj's motions. The district court found that Farraj had "not established 'excusable neglect' to justify his failure to file an opposition to [D]efendants' motions to dismiss" and that, even if excusable neglect were present, Farraj had not shown that the court's original determination that it lacked subject matter jurisdiction under the *Rooker–Feldman* doctrine and family law absention doctrine was incorrect. The court also denied Farraj's motion to file an FAC on the basis that such filing would

---

[1] The district court dismissed the claims against Shaps *sua sponte*.

[2] Farraj also moved for reconsideration under Federal Rule of Civil Procedure 59(e) (to alter or amend the judgment), however Farraj later withdrew that motion and substituted it with a motion under Rule 60(b).

be futile where Farraj's proposed FAC did not cure the defects in the initial complaint. Farraj appealed the court's denial of both motions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[3]

We review for abuse of discretion the district court's denial of a Rule 60(b) motion. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 380 (9th Cir. 1997) (per curiam). The denial of a motion for leave to amend is also reviewed for abuse of discretion. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

We affirm the district court's dismissal of Farraj's complaint based on his failure to oppose the motions to dismiss. When an appellant fails to oppose a motion to dismiss, he waives the right to contest dismissal on appeal. *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008) ("[I]f a party fails to raise an objection to an issue before judgment, he or she waives the right to challenge the issue on appeal." (quoting *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002)). Farraj did not file an opposition to the defendants' motions to dismiss his complaint. Nor did Farraj file a FAC within the time permitted by Federal Rule of Civil Procedure 15(a)(1). *See* Fed. R. Civ. P. 15(a)(1) (permitting

---

[3] We GRANT the American-Arab Anti-Discrimination Committee's July 23, 2014 Motion for Leave to File an Amicus Brief. We also GRANT Farraj's October 28, 2015 Motion to Take Judicial Notice. We DENY Farraj's November 17, 2015 Motion to Strike.

4

plaintiff 21 days from the date of service of a motion to dismiss to file an amended complaint without leave of the court). Thus, the district court did not abuse its discretion in granting Defendants' motions to dismiss the initial complaint. Nor did the district court abuse its discretion by prohibiting Farraj from filing his FAC without leave of court.

Next, the district court did not abuse its discretion in denying Farraj's Rule 60(b)(1) motion because Farraj's reasons did not constitute "excusable neglect." "[T]he determination of whether neglect is excusable . . . depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Farraj's proffered reasons for excusable neglect were: (1) Farraj's counsel wanted to complete a complaint letter for delivery to the Los Angeles Superior Court, criticizing Dr. Harshman's psychological reports, and (2) Farraj's counsel was waiting to receive the transcripts of recordings from Farraj's therapy sessions with Dr. Harshman and Shaps "to prove . . . the perjury [] Harshman committed when filing his reports concerning [] Farraj."

5

Neither one of Farraj's reasons constitutes "excusable neglect." Accordingly, the district court did not abuse its discretion in denying Farraj's Rule 60(b)(1) motion. Denial of Farraj's Rule 60(b)(1) motion ends the case.[4] *See, e.g., United States v. Aguilar*, 782 F.3d 1101, 1106 (9th Cir. 2015) (discussing the court's duty "in protecting the finality of judgments that underlies Rule 60(b)(1)" (citation omitted)). Therefore, the district court did not err by denying Farraj's motion for leave to file a FAC.

Because we affirm the district court's dismissal based on Farraj's failure to oppose the motions to dismiss and his failure to meet the "excusable neglect" standard, there is no need to reach the *Rooker-Feldman* and domestic relations abstention issues.

AFFIRMED.

---

[4] Farraj's motion for reconsideration under Rule 60(b)(1) effectively converted the district court's dismissal without prejudice into dismissal with prejudice. Because the denial of the motion for reconsideration ended the case, Farraj could not subsequently file a FAC.