**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| M.D., a minor, by and through her Guardian ad Litem, Jane Doe; JANE DOE, an individual,<br>   *Plaintiffs-Appellants/ Cross-Appellees*,<br><br>v.<br><br>NEWPORT-MESA UNIFIED SCHOOL DISTRICT; JEFFREY HUBBARD, an individual; SUSAN ASTARITA, an individual; KURT SUHR, an Individual; CARI OTA, an individual; JACQUE GALITSKI, an individual,<br>   *Defendants-Appellees/ Cross-Appellants*. | Nos. 14-56443<br>14-56459<br><br>D.C. No.<br>8:14-cv-00394-JVS-AN<br><br><br>ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted August 5, 2016
Pasadena, California

Filed October 19, 2016
Amended November 18, 2016

Before: Alex Kozinski and Kim McLane Wardlaw, Circuit Judges, and Cathy Ann Bencivengo,* District Judge.

Order;
Per Curiam Opinion

**SUMMARY****

**Civil Rights/Attorney's Fees**

The panel reversed the district court's denial of plaintiff's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), and affirmed the district court's denial of a motion for attorney's fees brought under the California Public Records Act.

Plaintiffs sued their school district and its employees alleging First Amendment retaliation under 42 U.S.C. § 1983, as well as violations of the California Constitution and California Public Records Act. Plaintiffs voluntarily dismissed their state law claims and the district court dismissed the First Amendment claim without prejudice, with thirty days leave to amend. Plaintiffs failed to meet the filing deadline and filed their Second Amended Complaint two days late. Plaintiffs then moved for relief from judgment under

---

* The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Federal Rule of Civil Procedure 60(b)(1), based on excusable neglect.

The panel held that the district court's decision could not be supported by the record, and therefore the court abused its discretion by denying plaintiffs relief from judgment. The panel held that defendants were not prejudiced by plaintiffs' two-day delay in filing the Second Amended Complaint, that the length of the delay and its potential impact on the proceedings were minimal, and that plaintiffs' counsel simply misunderstood a docket entry and made a calendaring error of the type that is sometimes committed even by sophisticated law firms.

Affirming the district court's denial of attorney's fees, the panel held that plaintiffs' California Public Record Act claim was neither indisputably without merit nor prosecuted for an improper motive.

## COUNSEL

Mark S. Rosen (argued), Santa Ana, California, for Plaintiffs-Appellants/Cross-Appellees.

Courtney L. Hylton (argued), S. Frank Harrell, and Ruben Escobedo III, Lynberg & Watkins, APC, Orange, California for Defendants-Appellees/Cross-Appellants.

**ORDER**

The opinion filed on October 19, 2016, and published at 2016 WL 6091565, is amended by the opinion filed concurrently with this order. No future petitions for rehearing are allowed.

**OPINION**

PER CURIAM:

We consider whether the district court abused its discretion by denying (1) plaintiffs' motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), and (2) the school district's motion for attorney's fees under the California Public Records Act.

**FACTS**

Mary Doe, a fifth-grade student, and her mother, Jane, sued their school district and its employees because Mary allegedly experienced retaliation after Jane complained to the school principal about Mary's teacher. In their First Amended Complaint (FAC), plaintiffs asserted a First Amendment retaliation claim under 42 U.S.C. § 1983, as well as violations of the California Constitution and California Public Records Act (CPRA).

Plaintiffs voluntarily dismissed the last two claims after the school district filed a motion to dismiss. The district court then dismissed the First Amendment retaliation claim without prejudice for failure to state a claim but gave

plaintiffs thirty days to amend. Plaintiffs failed to meet the filing deadline, and the school district filed a proposed judgment of dismissal the very next day. Plaintiffs filed their Second Amended Complaint (SAC) the following day. Several days later, the district court entered a final judgment; it dismissed the FAC, citing plaintiffs' failure to file the SAC "within the time allowed."

Plaintiffs moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) based on excusable neglect. Plaintiffs' trial counsel explained that he filed the SAC two days late because he had miscalculated the filing deadline. The district court's dismissal order was originally docketed as a minute order "in chambers." Two days later, a notice of clerical error was issued and the same order was re-docketed as a separate entry. The trial counsel mistakenly believed that the thirty-day clock began running after the clerical error was corrected and, therefore, that the filing deadline was two days later than it actually was. This was only his second case using the federal court's electronic case management system (CM/ECF), because he primarily litigates in California Superior Court, where he originally filed the case. Nevertheless, the district court found that counsel's neglect was "not an excuse for missing [an] unambiguous deadline," and denied plaintiffs relief from judgment.

Meanwhile, the school district moved for attorney's fees under the CPRA. The district court found that plaintiffs' CPRA claim was not "clearly frivolous," and therefore denied the school district its fees. Cal. Gov't Code § 6259(d).

Plaintiffs, now represented by new counsel, appeal both the district court's judgment of dismissal and the order denying relief from judgment. Defendants cross-appeal a

portion of the dismissal order and the order denying attorney's fees.

## DISCUSSION

## I

When making an "excusable neglect" determination under Federal Rule of Civil Procedure 60(b)(1), the court must consider "all relevant circumstances," *Pioneer Inv. Servs. Co.* v. *Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993), including "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith," *Bateman* v. *U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395). Although the district court identified the four *Pioneer* factors, it denied plaintiffs' motion for relief from judgment after analyzing only their reason for the late filing. The court said nothing about the remaining three factors.

The district court may consider the *Pioneer* factors without discussing how much weight it gives to each. *See Lemoge* v. *United States*, 587 F.3d 1188, 1194 (9th Cir. 2009). But when the district court fails to discuss some of the factors, we must determine whether the omitted factors could reasonably support the district court's conclusion. *See Ahanchian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010); *Bateman*, 231 F.3d at 1224. Even giving the district court the benefit of the doubt, we can't see how the balance of the *Pioneer* factors supports the district court's decision.

First, defendants were not prejudiced by plaintiffs' two-day delay in filing the SAC. We asked about this at oral argument, and counsel for the school district's only response was that judgment had been entered. Oral Arg. at 16:28–17:37, *available at* https://youtu.be/rp07S0uI-EI. Defendants may lose a "quick but unmerited victory," but "we do not consider [this] prejudicial." *Ahanchian*, 624 F.3d at 1262.

Second, the length of the delay and its potential impact on the proceedings were minimal. The delay was only for two days; we have found far longer delays excusable under Rule 60(b)(1). *See, e.g.*, *id.* (three-day delay in filing an opposition to summary judgment); *Bateman*, 231 F.3d at 1223 (twelve-day delay in requesting a rescission of the summary judgment order and over a month-long delay in filing a Rule 60(b) motion). The two-day delay would not have changed the course of the proceedings. If anything, it was the school district's eagerness for a "gotcha" victory that has kept the case from advancing on the merits.

Third, there is no evidence that plaintiffs' trial counsel concocted a "post-hoc rationalization . . . to secure additional time," *Ahanchian*, 624 F.3d at 1262, or otherwise acted with bad faith. A lack of familiarity with CM/ECF may be a poor excuse but it doesn't show bad faith. *See Lemoge*, 587 F.3d at 1197 (finding no bad faith where the "errors resulted from negligence and carelessness, not from deviousness or willfulness" (citation and internal quotation marks omitted)).

The question remains whether the single factor that the district court weighed against granting relief can by itself justify the district court's decision. This is not a case where counsel's neglect is so egregious that it outweighs the

remaining three factors. Plaintiffs' trial counsel simply misunderstood a docket entry and made a calendaring error of the type that is sometimes committed even by sophisticated law firms. *See, e.g.*, *Pincay* v. *Andrews*, 389 F.3d 853, 855, 858–60 (9th Cir. 2004) (en banc) (affirming the district court's finding of excusable neglect where a sophisticated law firm made a calendaring error based on a paralegal's misreading of Federal Rule of Appellate Procedure 4). Indeed, the court's own clerk, who presumably deals with CM/ECF on a daily basis, committed a filing error and had to re-file the order two days later. If the trial counsel's neglect here was not excusable, it's hard to see when neglect would *ever* be excusable.

Because the district court's decision cannot be supported by the record, we hold that it abused its discretion by denying plaintiffs relief from judgment under Rule 60(b)(1). Because we reverse the district court's denial of relief from judgment, we do not review the district court's dismissal of the FAC.

## II

Under the California Public Records Act, the school district is entitled to attorney's fees only if plaintiffs' claim was "clearly frivolous." Cal. Gov't Code § 6259(d). Although the term "clearly frivolous" isn't defined in the statute, California courts have held that an action is "frivolous" only when it (1) "lack[s] any merit," or (2) is "prosecuted for an improper motive," such as harassing or creating delay. *Bertoli* v. *City of Sebastopol*, 182 Cal. Rptr. 3d 308, 320 (Ct. App. 2015) (internal quotation marks and citations omitted) (adopting in the CPRA context the standard for frivolousness announced in *In re Marriage of Flaherty*, 646 P.2d 179, 187 (Cal. 1982)).

Plaintiffs' claim was not indisputably meritless. According to the FAC, plaintiffs requested that the school district provide videos of Board of Education meetings, but received only an edited version. Plaintiffs sought to obtain the full, unedited version under the CPRA. *See* Cal. Gov't Code § 6258. Whether plaintiffs were entitled to the withheld portions of the videos under the CPRA was an open question that required further factfinding. Because at this motion to dismiss stage, "no attorney could have been certain about the outcome of the issue," we cannot say plaintiffs' claim was clearly frivolous. *Crews* v. *Willows Unified Sch. Dist.*, 159 Cal. Rptr. 3d 484, 496 (Ct. App. 2013); *see id.* at 495–96 (holding that the plaintiff's petition wasn't frivolous when it was used to secure documents that were withheld under claims of exemption or privilege, and to challenge the format in which the documents were produced).

Nor is there evidence that plaintiffs brought the claim for an improper motive. The school district argues that plaintiffs' refusal to dismiss their CPRA claim after they allegedly admitted to having obtained access to the full version of the videos evinces improper motive. As an initial matter, it's unclear whether a CPRA claim that was not frivolous when filed can become frivolous later. But even if it's possible, plaintiffs didn't maintain the claim for very long; plaintiffs relinquished their CPRA claim in their opposition papers, filed only two weeks after allegedly admitting that the videos were fully available. Given plaintiffs' prompt voluntary dismissal, the district court properly found that plaintiffs acted with good faith.

Plaintiffs' CPRA claim was neither indisputably without merit nor prosecuted for an improper motive. Accordingly, we affirm the district court's denial of fees.

\*      \*      \*

The district court's denial of relief from judgment is **REVERSED**, and its denial of attorney's fees under the CPRA is **AFFIRMED**.  The case is **REMANDED** with instruction that the district court accept the filing of the SAC. The parties shall bear their own costs on appeal.