NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK JULLIAN GARDEN,

Plaintiff-Appellant,

v.

COUNTY OF LOS ANGELES;
JONATHAN P. SCHNERENGER, Deputy;
IVAN BRESCIANI, Deputy; DOES, 1
through 100, inclusive,

Defendants-Appellees.

No. 20-56192

D.C. No. 2:19-cv-01529-CJC-MAA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted November 8, 2021
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and BAKER,** Judge.

Plaintiff-Appellant Mark Jullian Garden appeals the district court's denial of

his motion for relief from judgment under Federal Rules of Civil Procedure

60(b)(1) and 60(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we

affirm in part, vacate in part, and remand.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

## I

In this action under 42 U.S.C. § 1983, Garden alleges that Los Angeles County Sheriff Deputies Defendants Jonathan P. Schnerenger and Ivan Bresciani committed multiple constitutional violations in connection with his August 2015 arrest and that they and the County should be held liable.

In July 2020, Defendants' counsel (Scott Carpenter) reached out to Plaintiff's counsel (James Bryant) in an effort to meet and confer about a contemplated summary judgment motion, as required by the local rules. *See* C.D. Cal. Local Civ. Rule 7-3. Under the then-operative schedule, the last date on which such motions could be set for hearing was August 24, 2020, and that meant that the motion had to be filed no later than July 27, 2020. *See id*. Rule 6-1. On July 24, Bryant responded to Carpenter by email, noting that he wanted to take certain in-person depositions, but that had not been possible due to the situation with Covid in Los Angeles. Defendants proceeded to file the summary judgment motion by the July 27 deadline. Because that motion was noticed for hearing on August 24, Garden's opposition to that motion was due one week later, on August 3, 2020. *See id*. Rule 7-9.

Garden did not file any opposition by that deadline, however. Instead, on August 11, 2020, Bryant emailed Carpenter and proposed that, in light of the difficulties created by the pandemic, both sides stipulate to a "new proposed

scheduling order" under which the hearing on the summary judgment would be continued "pending completion of discovery," including the depositions of the officer defendants. After a further exchange of emails, the two counsel eventually spoke by phone on August 18 and agreed in principle to propose a new schedule to the court. Bryant agreed to draft the proposed stipulation and to send it to Carpenter the next day.

Later that same day, however, the district court issued an order cancelling the summary judgment hearing (which was still six days off) and granting the summary judgment motion on the merits. Garden filed a timely motion for relief from judgment, asserting that relief was warranted under Rule 60(b)(1) due to Bryant's "excusable neglect." Specifically, Garden argued that Bryant had been unable to take in-person depositions of the defendant officers due to the pandemic and that Bryant had undertaken "steps to avoid an unopposed motion for summary judgment being ruled on" by conferring with defense counsel "and agreeing on a stipulation which would have prevented this scenario." Garden argued that, under the four-factor test set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), his counsel's neglect was excusable. Alternatively, Garden contended that relief was warranted under Rule 60(b)(6), which authorizes relief from judgment based on "any other reason that justifies relief." The district court denied the motion and Garden timely appeals.

3

## II

We review the denial of a motion under Rule 60 for abuse of discretion, *see Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989), but a district court necessarily abuses its discretion when it "base[s] its decision on an erroneous legal standard or clearly erroneous findings of fact," *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal quotation omitted). Here the district court denied the motion on the grounds that Garden had failed to show that his counsel's "inadvertence or neglect was excusable and due to circumstances beyond his control." Specifically, the court stated that Garden's motion rested "solely" on his counsel's "inability to conduct in-person depositions due to the ongoing coronavirus pandemic," and the court concluded that, in light of the availability of "videoconference depositions," this consideration did not show "excusable neglect or other reason justifying relief from judgment." We affirm the district court's denial of relief under Rule 60(b)(6), but we vacate its ruling with respect to Rule 60(b)(1).

## A

We have held that, in determining whether a judgment should be set aside under Rule 60(b)(1) based on asserted "excusable neglect," the district court should apply the test set forth in *Pioneer*. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997). Under *Pioneer*, the "determination of whether a party's neglect is excusable 'is at bottom an equitable one, taking

4

account of all relevant circumstances surrounding the party's omission.'" *Id*. at 382 (quoting *Pioneer*, 507 U.S. at 395). Among the "relevant circumstances" to be considered are "[1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. These "four enumerated factors," however, are "not an exclusive list." *Briones*, 116 F.3d at 381.

Here, the district court's order does not mention or apply any of the *Pioneer* factors. Defendants nonetheless argue that the district court's failure to apply *Pioneer* was not legal error, because in their view *Pioneer* is inapplicable here as a matter of law. According to Defendants, there is no predicate "neglect" to warrant consideration of the *Pioneer* factors in this case, because Bryant's failure to timely respond to the summary judgment motion by August 3 was a conscious decision and not the result of negligence. We think this focus is too narrow. The record reflects that, shortly before the then-current due date for filing the summary judgment motion, Bryant specifically alerted opposing counsel of Garden's need to complete certain discovery, and it further reflects that, after the summary judgment motion was filed, Bryant apparently thought that he still had time to request a revised schedule so long as he did so before the hearing date on the motion.

5

Indeed, Garden's motion specifically relied on his counsel's efforts to come to agreement with defense counsel on a revised schedule precisely "to avoid an unopposed motion for summary judgment being ruled on."  Bryant was, of course, wrong in thinking that he had time to work out a revised schedule, but *that* is a form of neglect that should have been considered under *Pioneer*.  Because there is no indication in the district court's order that it applied the *Pioneer* standard or considered the relevant factors, the court applied the incorrect legal standard.  *See M.D. v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).  We therefore vacate its denial of Garden's request for relief under Rule 60(b)(1).

Garden asks us to weigh the *Pioneer* factors ourselves, but we agree with Defendants that, in the circumstances of this case, the district court should undertake this analysis in the first instance.  We note, however, that the district court's order could be read to wrongly suggest that, to obtain relief here, Garden was *required* to show that his neglect was "due to circumstances beyond his control."  Such a lack of control is a relevant factor that should be considered, but *Pioneer* explicitly rejects the view that the "excusable neglect" standard is "limited to situations where the failure to timely file is due to circumstances beyond the control of the filer."  507 U.S. at 391.  The standard, as the Court explained, is a more "flexible" one, *id*. at 389, and the district court erred to the extent that it

applied a stricter standard here. Moreover, in evaluating each of the *Pioneer* factors on remand, the district court should give due weight to the fact that the parties apparently had agreed to a revised schedule, as well as to the fact that some adjustment of the one-week schedule for filing an opposition in this case may well have been warranted.

Accordingly, we remand to the district court with instructions to apply the relevant *Pioneer* factors in making the overall "equitable" determination whether there was excusable neglect, "taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395.

**B**

We affirm, however, the district court's denial of relief under Rule 60(b)(6). The *Pioneer* Court made clear that that rule may not be invoked as a substitute for Rule 60(b)(1). "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." 507 U.S. at 393. Where, as here, a party or its counsel "is partly to blame for delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Id*. Rule 60(b)(6) thus provides no basis for relief.

**AFFIRMED in part, VACATED in part, and REMANDED.**