**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>LOS PRADOS COMMUNITY ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.,<br><br>Defendants,<br><br>and<br><br>WILLISTON INVESTMENT GROUP, LLC,<br><br>Defendant-Appellant. | No.    20-16022<br><br>D.C. No.<br>2:16-cv-03008-APG-EJY<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 6, 2021[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Bank of America, N.A. (BANA) and Federal National Mortgage Association (FNMA) filed suit against Williston Investment Group, LLC (Williston) for quiet title, declaratory relief, injunctive relief, and damages. BANA and FNMA moved for partial summary judgment on their quiet title and declaratory relief claims, and after Williston failed to timely oppose their motion, the district court granted partial summary judgment in favor of BANA and FNMA. Nearly three months after Williston's opposition was due and over six weeks after the district court granted summary judgment, Williston filed a Rule 60(b)(1) motion for relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The district court denied Williston's motion, and Williston timely appealed this denial. Reviewing for abuse of discretion, *see Mackey v. Hoffman*, 682 F.3d 1247, 1248 (9th Cir. 2012), we affirm.

1.      The district court did not abuse its discretion in finding that Williston failed to demonstrate excusable neglect or inadvertence under Rule 60(b)(1). To determine whether a party's failure to meet a deadline constitutes excusable neglect or inadvertence under Rule 60(b)(1), "courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon*

2

*Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010); *see also Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008).

We may affirm on any ground fairly supported by the record.[1] Applying the four-factor equitable test here, the record supports the district court's denial of Rule 60(b)(1) relief. *See Ahanchian*, 624 F.3d at 1261–62. First, as to the prejudice factor, although granting the Rule 60(b)(1) motion would have deprived BANA and FNMA of a "quick victory" at summary judgment, a mere delay constitutes at most a "minimal" prejudice; thus, this factor weighs slightly in favor of Williston. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000).

Second, Williston's lengthy delay substantially impacted the proceedings. To this day, Williston has failed to file an opposition to BANA and FNMA's motion for summary judgment, and it did not file its Rule 60(b)(1) motion until nearly three months after the deadline for its summary judgment response, over six weeks after the district court granted plaintiffs' summary judgment motion, and two weeks after the deadline to respond to plaintiffs' motion for entry of judgment.

---

[1] The district court based its decision on Williston's lack of a meritorious defense, rather than applying the *Pioneer*/*Briones* factors discussed in *Ahanchian*. *See Ahanchian*, 624 F.3d at 1261. Although the district court did not apply the four-factor equitable test to Williston's motion, we may apply this test on appeal and affirm if the record reasonably supports the district court's conclusion. *See M.D., by and through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016).

*Cf. Harvest*, 531 F.3d at 747 (deeming a 64-day delay substantial). This has caused a months-long delay in the resolution of this case, restricting plaintiffs' ability to collect profits from their investment.

Third, Williston's asserted excuses for the delay contradict the record. On the one hand, Williston blames its delay on a calendaring mistake, but it filed a joint interim status report on February 17, 2020, in which it acknowledged the plaintiffs' then-pending summary judgment motion—an event that should have "prompted [Williston] to recalculate the due date." *See Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016). On the other hand, Williston claims that it was taken off guard by the motion because it was filed after a lengthy stay in the case. However, the stay was lifted on September 11, 2019, and the summary judgment motion was filed over three months later on December 24, 2019, allowing Williston ample time to resume monitoring the case's status and deadlines.

Finally, we must at least question whether Williston made this motion in good faith, given that it claims it was ignorant of the summary judgment motion even though it filed a joint interim status report acknowledging the pending motion. Therefore, given that the first factor weighs only slightly in favor of Williston and the latter three factors weigh heavily in favor of the plaintiffs, the district court did not abuse its discretion in denying Rule 60(b)(1) relief.

2.     Williston has also failed to allege a mistake or surprise that warrants Rule 60(b)(1) relief.  As stated above, Williston was aware of the motion for summary judgment as early as February 17, 2020.  Thus, Williston's choices to not file a response to the summary judgment motion, ignore the court's order granting the summary judgment motion, and wait for months to address the judgment by filing a Rule 60(b)(1) motion were "deliberate actions," rather than mistakes justifying relief under Rule 60(b)(1).  *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006).  Nor is there any reason to believe that the partial summary judgment motion constituted a surprise under Rule 60(b)(1), given Williston's awareness of the motion as of February 17, 2020.

**AFFIRMED.**