NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL HAKIM,

Plaintiff-Appellant,

v.

FEDERAL INSURANCE COMPANY,

Defendant-Appellee.

No. 20-55423

D.C. No. 2:19-cv-04219-VAP-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted December 14, 2021[**]

Before:   WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Michael Hakim appeals pro se from the district court's summary judgment in his diversity action arising out of Hakim's homeowners' insurance claim. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's denial of an extension of time under Federal Rule of Civil

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Procedure 6(b). *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). We affirm.

The district court did not abuse its discretion in denying Hakim's ex parte application for a continuance so that he could file an opposition to defendant Federal Insurance Company's summary judgment motion because Hakim failed to demonstrate good cause or excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (outlining the four-factor test for determining excusable neglect); *Hernandez v. City of El Monte*, 138 F.3d 393, 400-01 (9th Cir. 1998) (a presumption of prejudice arises from a plaintiff's failure to prosecute).

Contrary to Hakim's contention, the district court was not required to explicitly discuss each *Pioneer* factor, or to consider prejudice to Hakim. *See Doe ex rel. M.D. v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016) ("The district court may consider the *Pioneer* factors without discussing how much weight it gives to each" so long as "the omitted factors could reasonably support the district court's conclusion."); *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009) ("[P]rejudice to the movant is . . . not a factor that we think should be assessed in each and every case . . . .").

**AFFIRMED.**

20-55423