**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30095 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00322-RAJ-1 |
| v. | |
| LEWIS DEAN ARMSTRONG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted October 4, 2023
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO,[**] District Judge.

Lewis Dean Armstrong appeals his 30-year prison sentence for violating 18 U.S.C. § 2241(c), Aggravated Sexual Abuse of a Minor, imposed on resentencing following remand by this court. We have jurisdiction under 28 U.S.C. § 1291, and

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

we affirm.

1.     The district court did not err in finding Armstrong competent to proceed with resentencing.  At the sentencing stage, the assessment of competency hinges on "whether the defendant is able to understand the nature of the proceedings and participate intelligently to the extent participation is called for." *United States v. Dreyer*, 705 F.3d 951, 961 (9th Cir. 2013) (internal citation and quotation marks omitted).

The district court properly relied on Dr. Ryan Nybo's opinions in determining that Armstrong was able to participate intelligently in the proceedings. As the district court noted, Dr. Nybo considered Armstrong's demeanor, previous interviews, prior evaluations, medical records, and cognitive abilities, prior to reaching his conclusions.  Although previous evaluations from other doctors may have supported a conclusion that Armstrong suffered from a delusional disorder at resentencing, where "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Mercardo-Moreno,* 869 F.3d 942, 959 (9th Cir. 2017) (internal quotation marks omitted).  Furthermore, an "old psychiatric report indicating incompetence in the past may lose its probative value by the passage of time and subsequent facts and circumstances that all point to present competence." *Chavez v. United States,* 656 F.2d 512, 518 (9th Cir. 1981).  Even though the district court found Armstrong

incompetent more than four years before the competency hearing at issue here based on prior expert evaluation, the district court is permitted to assign greater weight to one expert report than another.

The district court also correctly determined that Armstrong understood the nature and consequences of the resentencing proceedings. After reviewing the record, the district court found that Armstrong understood that he was convicted of aggravated sexual assault, that he had been previously sentenced to a 20-year prison term, and that the mandatory minimum for his offense of conviction was 30 years. The district court also found that Armstrong was aware that he was facing resentencing, where he faced "the real probability that he would receive ten additional years, based on the outcome of the prior appeal." These findings were clearly supported by, and sometimes explicitly drawn from, the record. Accordingly, the district court did not err in finding that Armstrong was competent to be resentenced.

2. The district court did not abuse its discretion in finding that Armstrong's eight-year delay in bringing a motion for a new trial was not due to excusable neglect. *See* Fed. R. Crim. P. 33 Advisory Committee's Note to 2005 Amendment ("[U]nder Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion for new trial within [14 days after the verdict], the court may nonetheless consider that untimely underlying motion if the court determines

that the failure to file it on time was the result of excusable neglect."). Pursuant to the *Pioneer-Briones* framework, a court applies an equitable analysis to assess whether neglect was excusable, considering at least four factors in particular: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). The district court concluded that because the motion was filed "seven years after the verdict" and there was "no indication that there was excusable neglect on the part of the attorneys" during that time, Armstrong failed "to justify granting a variance . . . with the rule [33] requirements of when the appeal is supposed to take place." Although the district court did not explicitly weigh the *Pioneer-Briones* factors when rendering its decision, we conclude that because the *Pioneer-Briones* factors were fully briefed by the parties, the district court presumably considered the submissions and was not required to explicitly analyze each factor on the record. *See M.D. by & through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016) (citation omitted), *as amended* (Nov. 18, 2016) ("The district court may consider the *Pioneer* factors without discussing how much weight it gives to each."). Accordingly, the district court did not abuse

4                                                                          22-30095

its discretion in finding that Armstrong's nearly eight-year delay in bringing a motion for a new trial was not due to excusable neglect.

**AFFIRMED.**