NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY TYRONE WILLIAMS, Jr., as successor in interest to Latesha Denise Smith,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; DOES, 1 through 20, inclusive, individually and in their official capacities,<br><br>          Defendants-Appellees. | No.   23-55582<br><br>D.C. No.<br>5:21-cv-00807-JGB-SHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted June 4, 2024[**]
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,[***] District

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Judge.

Plaintiff-Appellant Anthony Williams, as successor in interest to decedent Latesha Smith, appeals the district court's orders (1) granting summary judgment to Defendants-Appellees County of San Bernardino and San Bernardino County Sheriff's Department (collectively, "the County"), and (2) denying prior Plaintiffs' motion for reconsideration or to alter or amend the judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court did not abuse its discretion by denying the motion for reconsideration or to alter or amend the judgment under Federal Rules of Civil Procedure 59(e) or 60(b)(1). Under Rule 59(e), Williams has not demonstrated that the district court relied on a manifest error of fact or law when it granted summary judgment—the district court clarified that it would have granted summary judgment even without Plaintiffs' admission that no County policy or custom caused Smith to commit suicide. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (noting that the district court has broad discretion in deciding a Rule 59(e) motion).

The district court also did not abuse its discretion by denying the motion for relief under Rule 60(b)(1) based on counsel's "mistake, inadvertence, surprise, or excusable neglect" in omitting Dr. Steven Berger's expert report from the opposition to summary judgment. Fed. R. Civ. P. 60(b)(1). Although the district

2

court erred by failing to apply the relevant equitable factors, *see Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000), "we must determine whether the omitted factors could reasonably support the district court's conclusion," *M.D. by and through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016) (per curiam).

Applying those factors, we conclude that Williams is not entitled to relief. The length of the delay was relatively short, but Williams has never offered a satisfactory explanation of why Dr. Berger's report was omitted, nor why—if the report was so crucial to his case—it was cited only once in the opposition brief. *See Bateman*, 231 F.3d at 1223–24 (listing factors). Moreover, the County would have been deprived of more than a "quick victory" if the district court had granted relief. *Id.* at 1225. Relief under Rule 60(b)(1) is rare when, as here, there has been an adjudication on the merits. *See Harvest v. Castro*, 531 F.3d 737, 747–48 (9th Cir. 2008).[1]

2.      We affirm the district court's grant of summary judgment to the County. We review the district court's summary judgment decision de novo and apply "the same standard used by the trial court under Federal Rule of Civil

---

[1] Although Plaintiffs also moved for relief under Rule 52(b), the opening brief includes no argument about that rule, so we do not address it. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

3

Procedure 56[].”  *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311 (9th Cir. 2022) (quoting *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001)).

Williams has not raised a genuine dispute of material fact on his deliberate indifference claim because no reasonable jury could conclude that the County’s policy of checking mentally ill but apparently non-suicidal inmates once per hour was deliberately indifferent to Smith’s constitutional rights.  *See Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (stating that a plaintiff must show that the policy was deliberately indifferent).  He offers no evidence that “the need for more or different action[] is so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the [County] can reasonably be said to have been deliberately indifferent to the need.” *Lee v. City of Los Angeles*, 250 F.3d 668, 682 (9th Cir. 2001) (brackets, internal quotation marks, and ellipsis omitted) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1477–78 (9th Cir. 1992)).  Nor is there sufficient evidence of “a pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice.”  *Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1142 (9th Cir. 2020).

Finally, there is no evidence from which a reasonable jury could conclude that any County employee was deliberately indifferent to Smith’s rights pursuant to a County policy or that the County otherwise caused an employee to be

4

deliberately indifferent. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1185–86 (9th Cir. 2002), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016) (en banc). It is undisputed that the County had a policy of treating mentally ill inmates, and medical officials could order more frequent safety checks of an inmate who they concluded was at risk of attempting to commit suicide.

**AFFIRMED.**