**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICE LEE GIANNETTA, Esquire, | No. 21-56142 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-01410-RGK-KK |
| v. | |
| DAVID MARMEL, individually and as CEO of Mrs World, Inc.; TANA JOHNSON, individually and as Vice President of Mrs World, Inc.; MRS WORLD, INC., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| ABC CORPORATION 1-10; JOHN DOE; JANE DOE, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Alice Lee Giannetta appeals pro se from the district court's order denying her Federal Rule of Civil Procedure 60(b)(1) motion for relief from the judgment dismissing the action for lack of prosecution. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 380 (9th Cir. 1997). We reverse and remand.

Rule 60(b)(1) provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of excusable neglect. Whether neglect is excusable is an equitable determination and "depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). Here, the district court failed to engage in the appropriate equitable analysis. Having conducted the analysis ourselves, we conclude that Giannetta is entitled to relief under Rule 60 in light of the minimal prejudice to defendants, short length of delay, and Giannetta's apparent good faith. *See id.* at 1224, 1225 n.3 (reversing denial of motion for relief from judgment where the district court's decision did not mention three of the equitable factors). We reverse the judgment and remand to the district court for further proceedings.

We do not consider matters raised for the first time on appeal. *See Padgett*

*v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**REVERSED and REMANDED.**